IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VALERIE DALE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19-cv-578 |
| v. | ) | |
| | ) | |
| VIRGINIA CVS PHARMACY, LLC, | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| Defendant. | ) | |

**MEMORANDUM OPINON**

Before me is defendant Virginia CVS Pharmacy, LLC's ("CVS") Motion for Summary Judgment (Dkt. 21).[1] Because plaintiff, Valerie Dale ("Dale"), has not shown that an unsafe condition existed on the CVS premises which caused her accident and injuries, and because Dale was contributorily negligent as a matter of law, I grant CVS's Motion for Summary Judgment.[2]

**I.    Background**

On March 21, 2017, Dale was a customer at a CVS store in Roanoke, Virginia when she attempted to roll a loaded shopping cart off a sidewalk curb into the parking lot.[3] The shopping cart overturned, causing Dale to fall, which she claims caused serious personal injuries. Dale

---

[1] This case is before me by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

[2] CVS filed a Motion to Exclude Plaintiff from Calling Medical Experts at Trial (Dkt. 23) and Dale filed a Motion for an Extension of Time (Dkt. 26). However, as I am granting summary judgment to the defendant, these motions are moot. Dale also filed a Motion for Leave to Amend her Complaint (Dkt. 35) to include a claim for negligence *per se* for a purported violation of the Uniform Statewide Building Code, which I deny as untimely, prejudicial, and futile.

[3] CVS, as required under Fed. R. Civ. P. 56(c) and W.D. Va. Local Rule 56(b), included a "statement of undisputed facts," including record citations, in its supporting memorandum. Dale does not object to any of the facts as set out by CVS and does not specifically cite to specific facts in the record to support the existence of a genuine dispute of material fact.

arrived at the store at approximately 6:00 p.m. while it was still daylight. She parked in the last parking space in the row of spaces closest to the building and directly in front of a concrete sidewalk which abutted the building. Pl.'s Dep. at 41, 43–44, Ex. B. to D's Br., Dkt. 22-2. Dale got out of her car, stepped over the curb onto the sidewalk, and made her way into the store. Id. at 50–51. She shopped for approximately 15–20 minutes making a number of purchases, including several cases of water. Id. Dale exited the building in daylight, and pushed the loaded shopping cart along the sidewalk towards her car. Id. at 54–55, 59, 60–61. Dale arrived at her car, and purposefully pushed the shopping cart over the sidewalk curb and into the parking lot. The cart tipped, causing Dale to fall to the ground.[4] Id. at 67.

## II.  Standard of Review

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (defining a "material fact" as one that might affect the outcome of the case). Once the movant properly makes and supports a motion for summary judgment, the opposing party bears the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (noting that the court must grant summary judgment if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). In determining whether a genuine dispute of material fact

---

[4] There is no allegation that Dale did not see the curb, or that her cart accidentally fell off the curb. Dale's Complaint and her Brief in Opposition to Summary Judgment also both indicate that she pushed her cart over the curb on purpose in an attempt to reach her car. Compl. ¶ 2; Br. in Opp. ¶ 19.

exists, the Court views the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. However, the nonmoving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation. See Glover v. Oppleman, 178 F.Supp.2d 622, 631 (W.D.Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact.") (citation omitted). On the contrary, the court has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." Felty v. Graves–Humphreys Co., 818 F.2d 1126, 1128 (4th Cir.1987) (quoting Celotex, 477 U.S. at 317).

### III. Law and Analysis

To prevail on a negligence claim under Virginia law, Dale must show "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." Atrium Unit Owners Ass'n v. King, 585 S.E.2d 545, 548 (Va. 2003) (citation omitted). As the owner of a business, CVS must maintain its facility, including the parking lot, in a "reasonably safe" condition for its invitees. See Fultz v. Delhaize Am., Inc., 677 S.E.2d 272, 274 (Va. 2009); Acme Markets v. Remschel, 24 S.E.2d 430, 433 (Va. 1943). However, "a storeowner is not an insurer of the invitee's safety on the premises, but must use ordinary care to render them reasonably safe for the invitee's visit." Fultz, 677 S.E.2d at 274 (citation omitted). Thus, Dale must "first prove the existence of an unsafe or dangerous condition on the premises." Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 451-52 (4th Cir. 2004).

### A. The Sidewalk Curb is not an Unsafe or Dangerous Condition

Dale must present evidence that the sidewalk curb amounted to an unsafe condition that caused her fall. This she has not done. Dale alleges that because CVS failed to provide a ramp in front of its store entrance, she pushed her loaded shopping cart directly off the curb into the

parking lot and was injured. However, even viewing the evidence in the light most favorable to the plaintiff, Dale fails to show that CVS breached its duty of ordinary care by not locating a ramp immediately outside the store entrance. While certain conditions may be routinely accepted as unsafe in establishing a prima facie case of negligence, such as wet, slippery substances on the floor, or unexpected hazards, a sidewalk curb, in and of itself, does not fall into this category.[5] See e.g., Miracle Mart v. Webb, 137 S.E.2d 887, 889–90 (1964) (defendant conceded that the spill, a "fairly good sized splotch of wet substance," was a hazard); Faulconer v. Lowe's Home Centers, Inc., No. 6:06–cv–43, 2007 WL 2570214, at *1 (W.D.Va. Aug.31, 2007) (unpublished) (plaintiff tripped on a "gray piece of concrete or rock approximately the size of an egg"); Austin v. Shoney's Inc., 486 S.E.2d 285, 286–87 (Va.1997) (restaurant floor had a "greasy film" or a "petroleum residue").

Dale recognizes that she has no evidence of a defect in either the sidewalk or the curb which caused her accident. In fact, Dale conceded at the hearing on CVS's motion for summary judgment that there was no common law negligence on the part of CVS, merely by having a sidewalk with a curb in front of its store. Instead, Dale argues the sidewalk and curbing create an unsafe condition because the design does not comply with the Americans with Disabilities Act ("ADA"). She contends the ADA "governs this case," not the "common law negligence cases" cited by CVS. Pl.'s Mem. in Opp. to Summ. J. ("Pl.'s Br.") at 3, Dkt 28.[6] Dale relies upon her expert witness, Byron Dickson, and his Preliminary Incident Evaluation indicating that CVS

---

[5] Dale does not assert that the sidewalk curb was improperly maintained, lighted, or constructed.

[6] Dale made a single reference to the ADA in paragraph 5 of the Complaint stating that "[t]he [ADA] also requires that 'accessible [parking] spaces must connect to the shortest accessible route' to the building entrance."

4

violated the standard of ordinary care because its handicap "ramp . . . was not readily visible" from the store entrance. See Dickson Report at 15, Dkt. 28-3. Specifically, Dickson writes:

> [ADA] accommodations must be located at the shortest accessible distance to the accessible entrance, and in so doing must also be readily identifiable by patrons coming and going, either disabled, [or] otherwise such as those using a cart to transport their purchases to the parking area.

Id. at 17. Dale contends the "CVS store failed to have an ADA standard of care compliant ramp in front of the store" and if the defendant had complied with the ADA, "the fall could have been avoided."[7] Pl's Br. at 1, Dkt. 28.

Dale essentially argues that CVS's failure to comply with purported ADA requirements for parking lots constitutes negligence *per se*.[8] However, Dale cannot prove negligence *per se* using the ADA.[9] A party relying on negligence *per se* must show that a defendant (1) violated a statute enacted for public safety; (2) that the plaintiff belongs to the class of persons for whose benefit the statute was enacted; (3) that the harm suffered was of the type against which the statute was designed to protect; and (4) that the statutory violation was a proximate cause of the injury. Halterman v. Radisson Hotel Corp., 523 S.E.2d 823, 825 (Va. 2000); Virginia Elec. & Power Co. v. Savoy Constr. Co., 294 S.E.2d 811, 817 (Va. 1982). Dale is not disabled and thus does not fall within the class of persons intended to be protected by the ADA.[10] Similarly, the

---

[7] CVS apparently did install a handicap ramp near to where Dale pushed her cart off the curb. Mr. Dickson noted that if the CVS "had only shifted their [ramp] a minimum of two parking spaces toward the door, they would have complied [with the ADA and located the ramp] precisely at the point where Ms. Dale's shopping cart went over the curb . . . ." Dkt. 28-3, at 15-16.

[8] Negligence *per se* is the adoption of "the requirements of a legislative enactment as the standard of conduct of a reasonable [person]." Kaltman v. All Am. Pest Control, Inc., 706 S.E.2d 864, 872 (Va. 2011) quoting Butler v. Frieden, 158 S.E.2d 121, 122 (Va. 1967).

[9] Dale does not attempt to assert an ADA claim against CVS and, in fact, Dale has no remedy under the ADA, as the public accommodation provisions of the ADA do not create a private right of action for the compensatory tort damages sought here. See Wagner v. Regent Investments, Inc., 903 F.Supp. 966, 969-970 (E.D. Va. 1995). In short, the ADA does not provide a remedy to recover for her personal injuries.

[10] Pushing a loaded shopping cart is not a disability under the ADA, contrary to Dale's assertion.

ADA was enacted to combat discrimination against disabled individuals, and is not a public safety statute for the purposes of a negligence *per se* claim. Christian v. United States, No. 3:12-CV-72, 2013 WL 5913845, at *4 (N.D.W. Va. Nov. 4, 2013) (holding that plaintiff, who was not disabled, could not "rely on the ADA as prima facie evidence of negligence" because "disabled individual[s] are the class for whose benefit Congress enacted the ADA"); Samuels v. Safeway, Inc., 391 F.Supp.3d 1, 4-6 (D.D.C. 2019); M.R. by & Through N.R. v. Tajdar, No. CV TDC-17-3836, 2018 WL 6050888, at *7 (D. Md. Nov. 19, 2018) (concluding that a violation of the provisions of the ADA barring discrimination in public accommodations does not create a duty of care that could support a negligence claim under Maryland law).

Dale's reliance on ADA design requirements regarding handicapped parking spaces is misplaced, as Dale is not disabled and cannot rely on the ADA as prima facie evidence of negligence. Here, common law negligence applies and the facts are not in conflict; there is no evidence of an unsafe condition that caused Dale to fall. Adopting Dale's conclusions would improperly require CVS to act as the "insurer of the invitee's safety" which Virginia law explicitly does not intend. See Fultz, 677 S.E.2d at 274 (citation omitted). Without the existence of an unsafe condition, Dale cannot establish that CVS breached its duty of ordinary care, and summary judgment is proper.

### B. Alternatively, Dale was Contributorily Negligent as a Matter of Law

Dale's contributory negligence of pushing her shopping cart from the sidewalk, over the curb, and into the parking lot, which caused her to her fall, bars her recovery. Generally, a jury should decide the issue of negligence, but a court can properly resolve the issue when there are no conflicting facts, and no reasonable controversy on the inferences fairly drawn from the facts. Webber v. Speed Channel, Inc., 472 F. Supp. 2d 752, 756-57 (E.D. Va. 2007). Indeed, "[a]

person who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law." Scott v. City of Lynchburg, 399 S.E.2d 809, 810 (Va.1991). Further, contributory negligence is a complete bar to recovery for injuries caused in part by the negligence of another. See Fein v. Wade, 61 S.E.2d 29, 32 (Va. 1950) (noting that if the plaintiff's negligence "contributes to the mishap, it bars recovery"); Richeson v. Big Lots Stores, Inc., No. 6:11-CV-00048, 2012 WL 5471965, at *2 (W.D. Va. Apr. 27, 2012) citing Baker v. Buttenvorth, 89 S.E. 849, 849–50 (Va.1916).

(1) The Curb was Open and Obvious

A storeowner has a duty to warn customers of unsafe conditions, but such notice "is not required where the dangerous condition is open and obvious, and is patent to a reasonable person exercising ordinary care for his own safety." Fultz, 677 S.E.2d at 274; Acme Markets, 24 S.E.2d at 433. The uncontroverted evidence shows that the sidewalk curbing was open and obvious and that Dale's knowing actions contributed to her accident and injuries. Weather was not a factor, and Dale parked immediately in front of the store, exited her vehicle and stepped over the curb onto the sidewalk without incident. Dale was similarly aware of the curb upon leaving the store and there is no evidence that her vision was blocked or impaired, preventing her from seeing the curb. In fact, Dale knowingly rolled her cart over the sidewalk curb to the parking lot when the cart tipped causing her fall. This case is similar to Scott v. City of Lynchburg, where the plaintiff, a vendor at the Lynchburg City Market, stepped off a 5 ½ inch curb and fell. 399 S.E.2d at 810. There, even though the curb was not visible due to lighting and color contrast and despite the plaintiff's testimony that she forgot about the curb, the Supreme Court of Virginia still found the plaintiff was contributorily negligent as a matter of law. In short, the plaintiff "knew of the existence of the condition" and had no reasonable excuse for her forgetfulness. Id.

Here, Dale both knew the curb was there, and should have been aware of the risk of pushing a loaded shopping cart over a curb. Austin v. Clark Equip. Co., 48 F.3d 833, 836 (4th Cir.1995) (interpreting Virginia law and stating, "A risk is open and obvious if the person using the product is or should be aware of the risk"); See Webber, 472 F. Supp. 2d at 757 (applying Virginia law and finding plaintiff was contributorily negligent when he tripped over the base of a metal barrier that was eight inches high, "jutted out perpendicularly twelve to eighteen inches" and was attached to a substantial barrier); see also Pfaff v. Yacht Basin Co., Inc., 58 Md. App. 348 (1984) (court granted summary judgment to the defendant when the plaintiff admitted that although he was aware he was on the upper tier of a parking deck, with no guardrails, he still attempted to crawl out of a pickup truck backward "in complete disregard of the condition he now argues was a dangerous one").

Dale characterizes the danger of negotiating a curb with a loaded cart as "not open and obvious to the unsuspecting customer" and argues that even though she could see the curb, and knew it was there, she did not realize that pushing a loaded cart over the curb would cause her to fall. See Freeman v. Case Corp., 118 F.3d 1011, 1014–15 (4th Cir.1997) (applying Virginia law and noting it is the hazard created by an object, not the object itself, that must be open and obvious). This is not a case of a hidden danger, however, but rather is one of an ordinary curb plainly visible to Dale. Under these circumstances, CVS had no duty to warn Dale of the danger of pushing a loaded shopping cart over the curb.

(2) Contributory Negligence

Once the defendant, who bears the burden of proving contributory negligence, makes a showing that the unsafe condition was open and obvious, the burden shifts to the plaintiff to show that something distracted her from exercising reasonable care when confronted with the

condition. Fultz, 677 S.E.2d at 275 (finding plaintiff grandmother distracted from exercising reasonable care when her grandson darted away, and in trying to reach him, she tripped over an open and obvious danger). If reasonable minds could differ as to whether the plaintiff "acted as a reasonable person would have acted for her own safety" then contributory negligence is a jury question. Id. at 276. However, "when a person knows of a condition yet falls anyway, a court will find her contributorily negligent as a matter of law." Lopez v. Wawa, Inc., No. 3:15CV546 (DJN), 2016 WL 1626607, at *6 (E.D. Va. Apr. 21, 2016) (collecting cases applying Virginia law).

Dale does not claim that she was distracted or that anything otherwise prevented her from using reasonable care when she pushed her cart off the curb. Dale's negligence contributed to her fall: She knew the curb existed, she knew it was not a ramp, and she purposely pushed the cart off the curb in an attempt to reach her car. The fact that Dale did not observe the nearby ramp immediately upon exiting the store does not excuse her contributory negligence.[11] Dale's injuries occurred because of her deliberate act of pushing the loaded shopping cart from the curb, failing to control it, and having it overturn. See Webber, 472 F. Supp. 2d at 760 (noting that the circumstances surrounding the plaintiff's fall are "comparable to the situation of a pedestrian inattentively walking on a sidewalk, in well-lit or daylight conditions, without distractions, alone, and in clear weather" and that plaintiff could not "in the exercise of ordinary care, [effectively close his eyes] to the open and obvious conditions confronting him . . .") (citations omitted). I

---

[11] Dale's argument that she was not contributorily negligent because she did not notice the "ADA cart ramp which was around the corner and not in her view" is beside the point, as she does not allege any distraction that prevented reasonable care.

find that the curbing was open and obvious, and that, as a matter of law, Dale's contributory negligence caused her fall and injury. Accordingly, summary judgment for CVS is appropriate.

### C. Motion to Amend the Complaint

Finally, Dale filed a Motion for Leave to File an Amended Complaint alleging that CVS was negligent *per se* because the parking lot design violated Section 1101 of the Virginia Uniform Statewide Building Code. Dkt. 35. CVS opposes the Motion to Amend. Dkt. 36. Dale filed her motion after discovery closed and after the time to file dispositive motions had passed. Leave to amend "shall be freely given when justice so requires." Here, however, I deny leave to amend because Dale's motion is not timely, would be prejudicial to CVS, and would be futile. Fed. R. Civ. P. 15(a). Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006) ("Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.") citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). The proposed amendment raises a new legal theory, that CVS was negligent *per se* for violating the Virginia Uniform Statewide Building Code. See Laber, 438 F.3d at 427 (noting that "an amendment is prejudicial if it 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial'") (citation omitted).

Any amendment to assert a claim for negligence *per se* for a purported violation of the Virginia Uniform Statewide Building Code also would be futile. First, Dale's claim would still be barred by my finding that the curb was an open and obvious condition, and that Dale was contributorily negligent. See O'Neil v. Windshire Copeland Assocs., L.P., 197 F. Supp. 2d 507, 512 (E.D. Va. 2002), aff'd sub nom. O'Neill v. Windshire-Copeland Assocs., 372 F.3d 281 (4th

10

Cir. 2004) (applying Virginia law and forecasting that because Virginia follows a policy of contributory, rather than comparative negligence "the Virginia Supreme Court would not bar the defenses of contributory negligence and assumption of the risk because the Defendant was negligent *per se* in violating the applicable building codes). Second, Dale cannot use an alleged violation of Chapter 11 of the Virginia Uniform Statewide Building Code to show negligence *per se*, as Chapter 11 is designed for the benefit of disabled individuals.[12] Section 1101.1 of the Virginia Uniform Statewide Building Code states "[t]he provisions of this chapter [Accessibility] shall control the design and construction of facilities for accessibility for individuals with disabilities." Dale, as a person without a disability, does not fall within the class of persons intended to be protected by Chapter 11. See Halterman, 523 S.E.2d at 825 (noting, among other requirements, that a plaintiff relying on negligence *per se* must show that he belongs to the class of persons for whose benefit the statute was enacted). Thus, Dale may not rely upon any purported violation of Chapter 11 of the building code to show negligence by CVS.

## IV. Conclusion

The court grants defendant's motion for summary judgment. An appropriate order will be entered.

Entered: January 13, 2021

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

---

[12] Of course, under various other circumstances, violation of the Virginia Uniform Statewide Building Code can show negligence *per se,* such as a fire resulting from electric cables installed in violation of the Building Code. See MacCoy v. Colony House Builders, Inc., 387 S.E.2d 760, 763 (Va. 1990) (noting that the "violation of the Building Code, like the violation of any statute enacted to protect health, safety, and welfare, is negligence *per se")* citing VEPCO v. Savoy Const. Co., 294 S.E.2d 811, 817 (Va. 1982) (noting the "dominant purpose of the Building Code, therefore, is to provide comprehensive protection of the public health and safety").